# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

TAMARA JEAN FARRELL-SHANLEY, )
an individual, )
                                                    )     CASE NO.:
        Plaintiff, )
vs. )
                                                    )
ALTERMAN PROPERTIES LLC, )
a Georgia Limited Liability Company, )
        Defendant. )
_____/ )

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL-SHANLEY, through her undersigned counsel, hereby files this Complaint and sues ALTERMAN PROPERTIES LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL-SHANLEY, (hereinafter referred to as "MRS. FARRELL-SHANLEY"), is a resident of Henry County, Georgia.

4. MRS. FARRELL-SHANLEY is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MRS. FARRELL-SHANLEY is substantially impaired in several major life activities, including walking.

6. Defendant, ALTERMAN PROPERTIES LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the

subject of this action, to wit: the Property, which includes a Staples store, is located at 240 New Franklin Road, LaGrange, Georgia 30240.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Troup County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a large retail store, is open to the public and provides goods and services to the public.

10. MRS. FARRELL-SHANLEY has visited the Property and attempted to utilize the facilities offered at the Property.

11. While at the Property, MRS. FARRELL-SHANLEY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MRS. FARRELL-SHANLEY continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.  Moreover, but for the barriers to access discussed herein, Plaintiff would visit the Property more often.

13. MRS. FARRELL-SHANLEY plans to and will visit the Property in

the near future to utilize the goods and services offered thereon.

    14.    Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following:

    A.    Plaintiff encountered inaccessible parking spaces designated for disabled use near the front entrance of the Property due to excessive slopes over 1:48 and pavement in disrepair. This made it difficult for the Plaintiff to load and unload from her vehicle and make her way to the Property sidewalk.

    B.    Additionally, Plaintiff encountered a shortage of disabled use parking spaces due to provision of only four (4) disabled spaces for over one hundred (100) total parking spaces throughout the lot.

    C.    Plaintiff encountered inaccessible curb ramps from the disabled use parking spaces to the Property sidewalk due to steep running slopes over 1:12 and steep side flare slopes over 1:10. This made it difficult for the Plaintiff to get onto the sidewalk and increased her risk of a fall.

    D.    Plaintiff encountered an inaccessible sidewalk at the front of the Property leading to the entrance due to excessive cross slopes well in excess of 1:48 and pavement in disrepair. This made it difficult for the Plaintiff to reach the front entrance and increased her risk of a fall.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against ALTERMAN PROPERTIES LLC, and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B.    That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by

Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

By: */s/ John A. Moore*
John A. Moore, Esq.
Georgia Bar No.: 519792
Of Counsel
The Moore Law Group, LLC
1745 Martin Luther King Jr., Drive
Atlanta, GA 30314
Tel.: (678) 288-5601
Fax: (888) 553-0071
Email: jmoore@moorelawllc.com
Attorney for Plaintiff